IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT NEW YORK

|  |  |  |
|---|---|---|
| FANTASIA DISTRIBUTION, INC.<br>a California Corporation,<br>2400 E Katella Ave Ste 800<br>Orange County, CA 92806<br><br>Plaintiff,<br><br>v.<br><br>MYLE VAPE, INC.<br>a New York Corporation,<br>8085 Chevy Chase Street<br>Jamaica, New York 11432<br><br>COOL CLOUDS DISTRIBUTION, INC.<br>a California Corporation,<br>316 E 4TH Street<br>Los Angeles, CA 90013<br><br>ACCES VAPOR, LLC<br>a Florida Company,<br>7519 Currency Drive<br>Orlando, FL 32809<br><br>LIMITLESS TRADING CO., LLC<br>a California Corporation<br>306 Wall St Ste 308<br>Los Angeles, CA 90013<br><br>POP VAPOR CO., LLC<br>a California Company,<br>1818 S Olive St<br>Los Angeles, CA 90015<br><br>ROMEO VAPORS, INC.<br>a California Corporation<br>250 W Tasman Dr. Suite 180<br>San Jose, San Jose, CA 95134<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No.: 1:20-cv-2378** |

-1-

## COMPLAINT FOR TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

1.      This is an action for federal trademark infringement, unfair competition, and unfair business practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. (2009) ("Lanham Act"),  and for unfair competition under New York Law, filed by Plaintiff Fantasia Distribution, Inc., against Defendants Myle Vape, Inc., Cool Clouds Distribution, Inc., Acces Vapor, LLC, Limitless Trading Co., LLC, Pop Vapor Co. LLC, and Romeo Vapors, Inc., and among other reliefs, asking this Court to: (a) preliminarily enjoin Defendants from distributing, marketing or selling tobacco, e-cigarette, vaping, hookah and smoking related products bearing a confusingly similar imitation of the Fantasia's Federally Registered Trademarks "ICE" and "PINK LEMONADE" marks; (b) permanently enjoin Defendants from distributing, marketing or selling tobacco, e-cigarette, vaping, hookah and smoking related products using or bearing a confusingly similar imitation of the Fantasia's marks; (c) award Fantasia monetary damages related to Defendant's unlawful activities and to treble that award; (d) require Defendants to disgorge all profits from sales of the tobacco, e-cigarette, vaping, hookah and smoking related products which were improperly marked with Plaintiff's trademarks; and (e) award Fantasia punitive damages, attorneys' fees, and costs. .

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over Fantasia's related state and common law claims are proper pursuant to 28 U.S.C. §§ 1338 and 1367.

3.      This Court has personal jurisdiction over Defendants because, on information and

belief, (a) Defendants have marketed, distributed, offered for sale, and/or sold the infringing

tobacco, e-cigarette, vaping, hookah and smoking related products to persons within the State of

New York; (b) Defendants regularly transact and conduct business within the State of New

York; and/or (c) Defendants have otherwise made or established contacts within the State of

New York sufficient to permit the exercise of personal jurisdiction.

4.      In the alternative, this Court has subject matter jurisdiction over Fantasia`s claims

pursuant to 28 U.S.C. § 1332, due to the parties' diversity of citizenship, and an amount in

controversy exceeding $75,000.00.

5.      The U.S. District Court for the Eastern District of New York is a proper venue

pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(g) because Defendant Myle Vape

resides within this judicial district and the remainder of the Defendants conduct business within

this district.

6.      Alternatively, the U.S. District Court for the Eastern District of New York is a

proper venue pursuant to 28 U.S.C. § 1391, including because a substantial part of the acts or

omissions giving rise to Fantasia's claims occurred in this District.

## THE PARTIES

7.      Plaintiff Fantasia Distribution, Inc. is a corporation organized under the laws of

California, with a place of business at 2400 E Katella Ave Ste 800, Orange County, CA 92806.

Fantasia is in the nationwide business of selling, brand marketing, product marketing, and

distribution of tobacco, e-cigarette, vaping, hookah and smoking related products, including its

tobacco packs, jars, and rolls, e-bowl cartomizer packs, rechargeable e-bowl devices, and kits, e-

hookah sticks, e-liquid cartons, herbal cartons, herbal packs, as well as vaping sticks, pens and

stones bearing the distinctive "ICE" and/or "PINK LEMONADE" marks. Fantasia has invested

considerable resources in the marketing of its brands and marks and has achieved significant market recognition at great expense.  Fantasia has been using its "ICE" and "PINK LEMONADE" marks since at least 2009 and has registered two "ICE" trademarks Reg. No. 3,998,201 and Reg No. 4,600,173 in 2011 and 2014 and one "PINK LEMONADE" trademark Reg. No. 3,812,330 in 2010 with the United States Patent and Trademark Office.

8.      Upon information and belief, Defendant Myle Vape, Inc. is a New York corporation located at 8085 Chevy Chase Street, Jamaica, New York 11432. Upon information and belief, Defendant Myle has been marketing, distributing, offering for sale, and/or selling its infringing products "MYLE Mini 2 - ICED Mango Disposable Device", "MYLE Slim Kit - ICED Watermelon Disposable Device", "MYLE Slim Kit - ICED Quad Berry Disposable Device", "ICED Coffee Vape Pods by MYLE", "ICED Mint Vape Pods by MYLE", "ICED Quad Berry Vape Pods by MYLE", "ICED Apple Mango Vape Pods by MYLE", "ICED Watermelon Vape Pods by MYLE",  "MYLE Mini - ICED Mint Disposable Device, "MYLE Mini - ICED Quad Berry Disposable Device",  "MYLE Mini - ICED Watermelon Disposable Device", "MYLE Mini - ICED Apple Mango Disposable Device", "MYLE Mini 2 - Pink Lemonade Disposable Device", including through its website "www.mylevapor.com" " [Exhibit A].

9.      Upon information and belief, Defendant Cool Clouds Distribution, Inc. is a California Corporation, located at 14781 Pomerado Rd #86628, Poway, CA 92064. Upon information and belief Defendant Cool Clouds has been marketing, distributing, offering for sale, and/or selling its infringing products "PEACH ICE - PUFF BAR" and "PEACH ICE - PUFF BAR PLUS", "MELON ICE (LIMITED EDITION) - PUFF BAR", "BLUEBERRY ICE - PUFF BAR", "BANANA ICE (LIMITED EDITION) - PUFF BAR ", "LYCHEE ICE - PUFF

BAR" AND "LYCHEE ICE - PUFF BAR PLUS", "TANGERINE ICE (LIMITED EDITION) - PUFF BAR", "LUSH ICE - PUFF BAR", AND "GUAVA ICE - PUFF BAR PLUS", "PINK LEMONADE - PUFF BAR", Vibe Bar's "LYCHEE ICE", "TANGERINE ICE", "PEACH ICE", "LUSH ICE", "GUAVA ICE", and Helix Bar's "WATERMELON ICED", "BLUE RASPBERRY ICED", "STRAWBERRY ICED", "APPLE ICED", and "MANGO ICED", including through its website "www.eliquidstop.com"  [Exhibit B].

10.     Upon information and belief, Defendant Access Vapors, LLC is a Florida Company, located at 7519 Currency Drive, Orlando, FL 32809. Upon information and belief Access Vapors has been marketing, distributing, offering for sale, and/or selling its infringing products Cali Air Disposable - Lychee ICE", "RipNSalt Mango ICE Salt Nic", "Cali Air Disposable - Watermelon ICE", "Cali Air Disposable - Lush ICE",  "Cali Air Disposable - Banana ICE",  "Cali Air Disposable - Pineapple ICE",  "Cali Air Disposable - Peach ICE", "Cali Air Disposable - Blueberry ICE", "Cali Pods Salt Pink Lemonade 30ml 50mg", and  "Cali Air Disposable - PINK LEMONADE",  including through its website "www.calivapepods.com/". [Exhibit C]

11.     Upon information and belief, Defendant Limitless Trading Co., LLC is a California Corporation located at 306 Wall St Ste 308, Los Angeles, CA 90013.  Upon information and belief Defendant Limitless has been marketing, distributing, offering for sale, and/or selling its infringing products Killa Fruits - Lush ICE Disposable", "Killa Fruits - Lychee Berry ICE Disposable", "Killa Fruits - Red Apple Peach on ICE", "Killa Fruits - Watermelon Strawberry on ICE", "Killa Fruits - ICED Kiwi Strawberry", "Killa Fruits - ICED Blue Raspberry", "Killa Fruits - ICED Watermelon Strawberry", "Killa Fruits - ICED Red Apple Peach", including through its website "www.CaliKulture.shop". [Exhibit D]

12.     Upon information and belief, Defendant Pop Vapor Co., LLC is a California Company, located at 1818 S Olive St, Los Angeles, CA 90015.  Upon information and belief Defendant Pop Vapor has been marketing, distributing, offering for sale, and/or selling its infringing products "Pop Disposable Device – Iced Lychee – 1ct", "Pop Disposable Device – Banana Ice", "Pop Disposable Device – Iced Pineapple – 1ct", "Pop Disposable Device – Lush Ice –1ct", "Pop Disposable Device – Iced Blue Raz – 1ct", "Pop Xtra Disposable Device – Lush Ice – 1ct", "Pop Xtra Disposable Device – Banana Ice – 1ct", "Pop Xtra Disposable Device – Ice Blue Raz – 1ct", "Pop Xtra Disposable Device – Ice Pineapple – 1ct", including through its website "www.PopVapor.com". [Exhibit E]

13.     Upon information and belief, Defendant Romeo Vapors, Inc. is a California Corporation, located at 250 W Tasman Dr. Suite 180, San Jose, San Jose, CA 95134. Upon information and belief Defendant Romeo Vapors has been marketing, distributing, offering for sale, and/or selling its infringing products HYPPE BAR "ICE Green Bean", "Lychee ICE", "Strawberry ICE", "Apple ICE", "Lush ICE", "Pear ICE", "Peach ICE", "Cola ICE", "Guava ICE". [Exhibit F]

14.      Defendants' use of the term "ICE" and/or "PINK LEMONADE" is causing and will continue to cause confusion among consumers, retailers, distributors, and others in the relevant market and constitutes unfair competition by Defendants. As a result, Fantasia has been damaged by Defendants' actions and infringing activity.

## GENERAL ALLEGATIONS

15.     Since at least 2007, Plaintiff Fantasia has advertised, marketed, promoted, distributed, and sold tobacco, e-cigarette, vaping, hookah and smoking related products, including its tobacco packs, jars, and rolls, e-bowl cartomizer packs, rechargeable e-bowl

devices, and kits, e-hookah sticks, e-liquid cartons, herbal cartons, herbal packs, as well as vaping sticks, pens and stones bearing the distinctive "ICE" and/or "PINK LEMONADE" marks, which are covered by federal trademark registrations "ICE" - Reg. No. 4600173; "ICE" - Reg. No. 3998201; and "PINK LEMONADE" - Reg. No. 3812330. [see for example Exhibit G, H, and I]

16.     Fantasia's ICE and PINK LEMONADE marks are particularly known among vaping enthusiasts, and among vaping bars and stores, and consumers of tobacco, e-cigarette, vaping, hookah and smoking related products.  The marks are incontestable and have achieved considerable secondary meaning. As one of the oldest hookah companies in the United States, Fantasia has gained significant market recognition. Unlike a number of companies who import their tobacco flavors to be repackaged, or import their E-Liquid and E-Hookahs assembled from China and other counties, Fantasia formulates and assembles their flavored products entirely in the United States boasting consumer confidence in the Fantasia brand. Such history and the prominent use of the "ICE" and "PINK LEMONADE" marks in connection with its innovating products which are made in the United States further enhances the marks' recognition.

17.     Fantasia is the owner of a federal trademark registration, Reg. No. 3,998,201, issued by the PTO on July 19 2011, for the standard character "ICE", under class 34 "Hookah tobacco; Molasses tobacco; Smoking tobacco; Tobacco". [Exhibit G]

18.     Fantasia is also the owner of a federal trademark registration, Reg. No. 4,600,173, issued by the PTO on September 9, 2014, for the standard character "ICE", under classes 30 "Electronic hookah liquid (e-liquid) consisting of flavorings in liquid form used to fill electronic hookahs or electronic hookah cartridges; Vapor liquid consisting of flavorings in liquid form used to fill electronic cigarette vaporizers or vaporizing cigarette cartridges", and 34 "Hookah

-7-

tobacco; Herbal molasses; Herbs for smoking; Molasses tobacco; Smoking molasses; Shisha; Vapor stones for electronic hookahs; Electronic hookahs; Cartomizers, namely, combination electronic cigarette refill cartridges sold empty and atomizers, sold as a component of electronic cigarettes". [Exhibit H]

19.     Fantasia is the owner of a federal trademark registration, Reg. No. 3,812,330, issued by the PTO on the supplemental register on June 29 2010, for the standard character "PINK LEMONADE", under class 34 "hookah tobacco; flavored smoking tobacco". [Exhibit I]

20.     Despite Fantasia's longstanding rights in its marks, Defendants have offered for sale and have sold tobacco, e-cigarette, vaping, hookah and smoking related products bearing a confusingly similar imitation of Fantasia's "ICE" and/or  "PINK LEMONADE" marks, as shown in the Exhibits J through Q.

21.     Defendants are Fantasia's competitors and their infringing products imitate Fantasia's "ICE" and/or "PINK LEMONADE" marks in a manner that is likely to cause consumer confusion and deceive the public regarding the source, sponsorship, and/or affiliation of tobacco, e-cigarette, vaping, hookah and smoking related products. Defendants' sale of the infringing products is therefore unlawful and is causing irreparable harm to Fantasia's brand.

22.     Fantasia has put the Defendants on notice and has attempted to stop the infringing uses of its registered marks.  Despite Fantasia's efforts to amicably resolve Defendants' infringement of Plaintiff's Fantasia's marks, including by serving Defendants with demands for ceasing and desisting from any further use of "ICE" and "PINK LEMONADE" marks, Defendants continue to infringe.

**COUNT I**
**Federal Trademark Infringement**
**Myle - ICED**

23.     Fantasia realleges the paragraphs above as fully and completely as if set forth herein verbatim.

24.     Upon information and belief, Defendant Myle has been marketing, distributing, offering for sale, and/or selling its infringing products: [Exhibit A]

"MYLE Mini 2 - ICED Mango Disposable Device",

"MYLE Slim Kit - ICED Watermelon Disposable Device",

"MYLE Slim Kit - ICED Quad Berry Disposable Device",

"ICED Coffee Vape Pods by MYLE",

"ICED Mint Vape Pods by MYLE",

"ICED Quad Berry Vape Pods by MYLE",

"ICED Apple Mango Vape Pods by MYLE",

"ICED Watermelon Vape Pods by MYLE",

"MYLE Mini - ICED Mint Disposable Device",

"MYLE Mini - ICED Quad Berry Disposable Device",

"MYLE Mini - ICED Watermelon Disposable Device",

"MYLE Mini - ICED Apple Mango Disposable Device",

25.     Defendant Myle's use of a confusingly similar imitation of Fantasia's "ICE" mark [Exhibit A] is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are designed or distributed by Fantasia, or are associated or connected with Fantasia, or have endorsement or approval of Fantasia.

26.     Defendant's infringing use of "ICED" [Exhibit A] is confusingly similar to Fantasia's federally registered marks 3,998,201 & 4,600,173 in violation of 15 U.S.C. § 1114.

Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Fantasia's goodwill and reputation as symbolized by Fantasia's "ICE" mark, for which Fantasia has no adequate remedy at law.

27.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Fantasia's "ICE" mark to Fantasia's great and irreparable harm.

28. Defendant has caused and is likely to continue to cause substantial injury to the public and to Fantasia, and Fantasia is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits, and damages, costs, and Plaintiff's reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II
### Federal Trademark Infringement
### Cool Clouds - ICE and ICED

29.     Fantasia realleges the paragraphs above as fully and completely as if set forth herein verbatim.

30.     Upon information and belief, Defendant Cool Clouds has been marketing, distributing, offering for sale, and/or selling its infringing products: [Exhibit B]

"PEACH ICE - PUFF BAR" and "PEACH ICE - PUFF BAR PLUS",

"MELON ICE (LIMITED EDITION) - PUFF BAR",

"BLUEBERRY ICE - PUFF BAR",

"BANANA ICE (LIMITED EDITION) - PUFF BAR ",

"LYCHEE ICE - PUFF BAR" AND "LYCHEE ICE - PUFF BAR PLUS",

"TANGERINE ICE (LIMITED EDITION) - PUFF BAR",

"LUSH ICE - PUFF BAR",

"GUAVA ICE - PUFF BAR PLUS",

Vibe Bar's

"LYCHEE ICE",

"TANGERINE ICE",

"PEACH ICE",

"LUSH ICE",

"GUAVA ICE", and

Helix Bar's

"WATERMELON ICED",

"BLUE RASPBERRY ICED",

"STRAWBERRY ICED",

"APPLE ICED", and

"MANGO ICED".

31.    Defendant Cool Clouds' use of a confusingly similar imitation of Fantasia's "ICE" mark [Exhibit B] is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are designed or distributed by Fantasia, or are associated or connected with Fantasia, or have endorsement or approval of Fantasia.

32.    Defendant's infringing "ICE" [Exhibit B] is confusingly similar to Fantasia's federally registered marks 3,998,201 & 4,600,173 in violation of 15 U.S.C. § 1114. Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Fantasia's goodwill and reputation as symbolized by Fantasia's "ICE" mark, for which Fantasia

has no adequate remedy at law.

33.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Fantasia's "ICE" mark to Fantasia's great and irreparable harm.

34.     Defendant has caused and is likely to continue to cause substantial injury to the public and to Fantasia, and Fantasia is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits, and damages, costs, and Plaintiff's reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

**COUNT III**
**Federal Trademark Infringement**
**Access Vapors - ICE**

35.     Fantasia realleges the paragraphs above as fully and completely as if set forth herein verbatim.

36.     Upon information and belief Access Vapors has been marketing, distributing, offering for sale, and/or selling its infringing products: [Exhibit C]

Cali Air Disposable - Lychee ICE",

"RipNSalt Mango ICE Salt Nic",

"Cali Air Disposable - Watermelon ICE",

"Cali Air Disposable - Lush ICE",

"Cali Air Disposable - Banana ICE",

"Cali Air Disposable - Pineapple ICE",

"Cali Air Disposable - Peach ICE",

"Cali Air Disposable - Blueberry ICE",

37.     Defendant Access Vapor's use of a confusingly similar imitation of Fantasia's

"ICE" mark [Exhibit C] is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are designed or distributed by Fantasia, or are associated or connected with Fantasia, or have endorsement or approval of Fantasia.

38.     Defendant's infringing "ICE" [Exhibit C] is confusingly similar to Fantasia's federally registered marks 3,998,201 & 4,600,173 in violation of 15 U.S.C. § 1114. Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Fantasia's goodwill and reputation as symbolized by Fantasia's "ICE" mark, for which Fantasia has no adequate remedy at law.

39.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Fantasia's "ICE" mark to Fantasia's great and irreparable harm.

40.     Defendant has caused and is likely to continue to cause substantial injury to the public and to Fantasia, and Fantasia is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits, and damages, costs, and Plaintiff's reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

**COUNT IV**
**Federal Trademark Infringement**
**Limitless Trading - ICE and ICED**

41.     Fantasia realleges the paragraphs above as fully and completely as if set forth herein verbatim.

42.     Upon information and belief, Defendant Limitless has been marketing, distributing, offering for sale, and/or selling its infringing products: [Exhibit D]

Killa Fruits - Lush ICE Disposable",

"Killa Fruits - Lychee Berry ICE Disposable",

"Killa Fruits - Red Apple Peach on ICE",

"Killa Fruits - Watermelon Strawberry on ICE",

"Killa Fruits - ICED Kiwi Strawberry",

"Killa Fruits - ICED Blue Raspberry",

"Killa Fruits - ICED Watermelon Strawberry",

"Killa Fruits - ICED Red Apple Peach".

43.     Defendant Limitless' use of a confusingly similar imitation of Fantasia's "ICE" mark [Exhibit D] is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are designed or distributed by Fantasia, or are associated or connected with Fantasia, or have endorsement or approval of Fantasia.

44.     Defendant's infringing "ICE" [Exhibit D] is confusingly similar to Fantasia's federally registered marks 3,998,201 & 4,600,173 in violation of 15 U.S.C. § 1114. Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Fantasia's goodwill and reputation as symbolized by Fantasia's "ICE" mark, for which Fantasia has no adequate remedy at law.

45.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Fantasia's "ICE" mark to Fantasia's great and irreparable harm.

46.     Defendant has caused and is likely to continue to cause substantial injury to the public and to Fantasia, and Fantasia is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits, and damages, costs, and Plaintiff's reasonable

attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT V
## Federal Trademark Infringement
## Pop Vapors - ICE and ICED

47.      Fantasia realleges the paragraphs above as fully and completely as if set forth herein verbatim.

48.      Upon information and belief Defendant Pop Vapor has been marketing, distributing, offering for sale, and/or selling its infringing products: [Exhibit E]

"Pop Disposable Device – Iced Lychee",

"Pop Disposable Device – Banana Ice",

"Pop Disposable Device – Iced Pineapple",

"Pop Disposable Device – Lush Ice",

"Pop Disposable Device – Iced Blue Raz",

"Pop Xtra Disposable Device – Lush Ice",

"Pop Xtra Disposable Device – Banana Ice",

"Pop Xtra Disposable Device – Ice Blue Raz",

"Pop Xtra Disposable Device – Ice Pineapple",

49.      Defendant Pop Vapor's use of a confusingly similar imitation of Fantasia's "ICE" mark [Exhibit E] is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are designed or distributed by Fantasia, or are associated or connected with Fantasia, or have endorsement or approval of Fantasia.

50.      Defendant's infringing "ICE" [Exhibit E] is confusingly similar to Fantasia's federally registered marks 3,998,201 & 4,600,173 in violation of 15 U.S.C. § 1114. Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of

confusion and deception of members of the trade and public, and, additionally, injury to Fantasia's goodwill and reputation as symbolized by Fantasia's "ICE" mark, for which Fantasia has no adequate remedy at law.

51.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Fantasia's "ICE" mark to Fantasia's great and irreparable harm.

52.     Defendant has caused and is likely to continue to cause substantial injury to the public and to Fantasia, and Fantasia is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits, and damages, costs, and Plaintiff's reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT VI
### Federal Trademark Infringement
### Romeo Vapors - ICE

53.     Fantasia realleges the paragraphs above as fully and completely as if set forth herein verbatim.

54.     Upon information and belief, Defendant Romeo Vapors has been marketing, distributing, offering for sale, and/or selling its infringing products: [Exhibit F]

HYPPE BAR

"ICE Green Bean",

"Lychee ICE",

"Strawberry ICE",

"Apple ICE",

"Lush ICE",

"Pear ICE",

-16-

"Peach ICE",

"Cola ICE",

"Guava ICE".

55.     Defendant Romeo's use of a confusingly similar imitation of Fantasia's "ICE" mark [Exhibit F] is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are designed or distributed by Fantasia, or are associated or connected with Fantasia, or have endorsement or approval of Fantasia.

56.     Defendant's infringing "ICE" [Exhibit F] is confusingly similar to Fantasia's federally registered marks 3,998,201 & 4,600,173 in violation of 15 U.S.C. § 1114. Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Fantasia's goodwill and reputation as symbolized by Fantasia's "ICE" mark, for which Fantasia has no adequate remedy at law.

57.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Fantasia's "ICE" mark to Fantasia's great and irreparable harm.

58.     Defendant has caused and is likely to continue to cause substantial injury to the public and to Fantasia, and Fantasia is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits, and damages, costs, and Plaintiff's reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

**COUNT VII**
**Federal Trademark Infringement**
**Myle - PINK LEMONADE**

59.     Fantasia realleges the paragraphs above as fully and completely as if set forth

herein verbatim.

60.     Upon information and belief, Defendant Myle has been marketing, distributing, offering for sale, and/or selling its infringing products: [Exhibit A]

"MYLE Mini 2 - Pink Lemonade Disposable Device".

61.     Defendants Myle's use of a confusingly similar imitation of Fantasia's "PINK LEMONADE" mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are designed or distributed by Fantasia, or are associated or connected with Fantasia, or have endorsement or approval of Fantasia.

62.     Defendant's infringing use of "PINK LEMONADE" is confusingly similar to Fantasia's federally registered marks in violation of 15 U.S.C. § 1114. Defendant's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Fantasia's goodwill and reputation as symbolized by Fantasia's "PINK LEMONADE" mark, for which Fantasia has no adequate remedy at law.

63.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Fantasia's "PINK LEMONADE" mark to Fantasia's great and irreparable harm.

64.     Defendant has caused and is likely to continue to cause substantial injury to the public and to Fantasia, and Fantasia is entitled to injunctive relief and to recover Defendants Myle's, Cool Clouds', and Access Vapor's profits, actual damages, enhanced profits and damages, costs, and Plaintiff's reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT VIII
## Federal Trademark Infringement
## Cool Clouds - PINK LEMONADE

65.     Fantasia realleges the paragraphs above as fully and completely as if set forth herein verbatim.

66.     Upon information and belief, Defendant Cool Clouds has been marketing, distributing, offering for sale, and/or selling its infringing products: [Exhibit B]

"PINK LEMONADE - PUFF BAR"

67.     Defendants Cool Clouds' use of a confusingly similar imitation of Fantasia's "PINK LEMONADE" mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are designed or distributed by Fantasia, or are associated or connected with Fantasia, or have endorsement or approval of Fantasia.

68.     Defendant's infringing use of  "PINK LEMONADE" is confusingly similar to Fantasia's federally registered marks in violation of 15 U.S.C. § 1114. Defendant's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Fantasia's goodwill and reputation as symbolized by Fantasia's "PINK LEMONADE" mark, for which Fantasia has no adequate remedy at law.

69.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Fantasia's "PINK LEMONADE" mark to Fantasia's great and irreparable harm.

70.     Defendant has caused and is likely to continue to cause substantial injury to the public and to Fantasia, and Fantasia is entitled to injunctive relief and to recover Defendants Myle's, Cool Clouds', and Access Vapor's profits, actual damages, enhanced profits and

damages, costs, and Plaintiff's reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

**COUNT IX**
**Federal Trademark Infringement**
**Access Vapor - PINK LEMONADE**

71.     Fantasia realleges the paragraphs above as fully and completely as if set forth herein verbatim.

72.     Upon information and belief Access Vapors has been marketing, distributing, offering for sale, and/or selling its infringing products: [Exhibit C]

"Cali Pods Salt Pink Lemonade 30ml 50mg", and

"Cali Air Disposable - PINK LEMONADE".

73.     Defendant Access Vapor's use of a confusingly similar imitation of Fantasia's "PINK LEMONADE" mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are designed or distributed by Fantasia, or are associated or connected with Fantasia, or have endorsement or approval of Fantasia.

74.     Defendant's infringing use of "PINK LEMONADE" is confusingly similar to Fantasia's federally registered marks in violation of 15 U.S.C. § 1114. Defendant's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Fantasia's goodwill and reputation as symbolized by Fantasia's "PINK LEMONADE" mark, for which Fantasia has no adequate remedy at law.

75.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Fantasia's "PINK LEMONADE" mark to Fantasia's great and irreparable harm.

-20-

76. Defendant has caused and is likely to continue to cause substantial injury to the public and to Fantasia, and Fantasia is entitled to injunctive relief and to recover Defendants Myle's, Cool Clouds', and Access Vapor's profits, actual damages, enhanced profits and damages, costs, and Plaintiff's reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT X
## Federal Unfair Competition

77.     Fantasia realleges the paragraphs above as fully and completely as if set forth herein verbatim.

78.     Defendants' use of confusingly similar imitations of Fantasia's marks which are associated in the relevant market with Fantasia has caused and is likely to continue to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by Fantasia, or are affiliated, connected, or associated with Fantasia, or have the endorsement, or approval of Fantasia.

79.     Defendants have made false representations, false descriptions, and false designations of, on, or in connection with its goods in violation of 15 U.S.C. § 1125(a). Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Fantasia's goodwill and reputation as symbolized by Fantasia's marks, for which Fantasia has no adequate remedy at law.

80.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Fantasia's marks to the great and irreparable injury of Fantasia.

-21-

81.     Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Fantasia. Fantasia is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## COUNT XI
### Unfair And Deceptive Trade Practices

82.     Fantasia realleges the paragraphs above as fully and completely as if set forth herein verbatim.

83.     Defendants have been and are passing off their goods as those of Fantasia, causing confusion and a likelihood of continued confusion or misunderstanding as to the source, or approval of Defendants' goods, causing a likelihood of confusion as to Defendants' affiliation, connection, or association with Fantasia, and otherwise damaging the public.

84.     Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including California CAL. BUS. & PROF. CODE § 17200, *et seq.* (West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375 (2009); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2009); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio,  OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and

Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 2009).

85.     Defendants' unauthorized use of a confusingly similar imitation of Fantasia's marks has caused and is likely to cause substantial injury to the public and to Fantasia. Fantasia, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

## COUNT XII
### Common Law Trademark Infringement and Unfair Competition

86.     Fantasia realleges the paragraphs above as fully and completely as if set forth herein verbatim.

87.     Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Fantasia. Fantasia has no adequate remedy at law for this injury.

88.     On information and belief, Defendants acted with full knowledge of Defendants' use of, and statutory and common law rights to, Fantasia's marks and without regard to the likelihood of confusion of the public created by Defendants' activities.

89.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Fantasia's marks to the great and irreparable injury of Fantasia.

90.     As a result of Defendants' acts, Fantasia has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Fantasia is entitled to injunctive relief, to an accounting of Defendants' profits, damages, and costs. Further, in light of the deliberate and malicious use of a confusingly similar imitation of Fantasia's marks, and the need to deter

Defendants from engaging in similar conduct in the future, Fantasia additionally is entitled to punitive damages.

## COUNT XIII
## Unfair Competition Under New York Law

91.     Fantasia realleges the paragraphs above as fully and completely as if set forth herein verbatim.

92.     Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Fantasia. Fantasia has no adequate remedy at law for this injury.

93.     On information and belief, Defendants acted with full knowledge of Defendants' use of, and statutory and common law rights to, Fantasia's marks and without regard to the likelihood of confusion of the public created by Defendants' activities.

94.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Fantasia's marks to the great and irreparable injury of Fantasia.

95.     As a result of Defendants' acts, Fantasia has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Fantasia is entitled to injunctive relief, to an accounting of Defendants' profits, damages, and costs. Further, in light of the deliberate and malicious use of a confusingly similar imitation of Fantasia's marks, and the need to deter Defendants from engaging in similar conduct in the future, Fantasia additionally is entitled to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Fantasia prays that this Court enter judgment that:

A.       Defendants, and its distributors, licensees, directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with it, be preliminarily and permanently enjoined, and restrained from manufacturing, using, selling, offering to sell, and importing products bearing Plaintiff's marks and/or marks confusingly similar to "ICE" and/or "PINK LEMONADE"

enjoined from advertising, marketing, promoting, offering for sale, distributing, or selling the infringing products;

enjoined from using Fantasia's marks on or in connection with any of the Defendants' goods;

enjoined from using the Fantasia's marks or any other copy, reproduction, colorable imitation, or simulation of Fantasia's marks on or in connection with Defendants' goods;

enjoined from using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of Fantasia's trademarks, trade dresses, names, or logos;

enjoined from using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Fantasia, or are authorized by Fantasia, or are in any way connected or related to Fantasia;

B.       Defendants be ordered to cease offering for sale, marketing, promoting, and

selling and to recall all infringing products, or any other goods bearing the infringed "ICE" or

"PINK LEMONADE" mark or any other a confusingly similar imitation of Fantasia's marks that

are in Defendants' possession or have been shipped by Defendants or under its authority, to any

customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or

marketer, and also to deliver to each such store or customer a copy of this Court's order as it

relates to said injunctive relief against Defendants;

C.      Defendants be ordered to deliver up for impoundment and for destruction, all

tobacco, e-cigarette, vaping, hookah and smoking related products, bags, boxes, labels, tags,

signs, packages, receptacles, advertising, sample books, promotional materials, stationery, or

other materials in the possession, custody or under the control of Defendants that are found to

adopt, or infringe any of Fantasia's trademarks or that otherwise unfairly compete with Fantasia

and its products;

D       Defendants be compelled to account to Fantasia for any and all profits derived by

Defendants from the sale or distribution of the infringing tobacco, e-cigarette, vaping, hookah

and smoking related products;

E.      Defendants be awarded all damages caused by the acts forming the basis of this

Complaint;

F.      Based on Defendants' knowing and intentional use of a confusingly similar

imitation of Fantasia's marks, the damages awarded be trebled and the award of Defendants'

profits be enhanced as provided for by 15 U.S.C. § 1117(a);

G.      Defendants' be required to pay to Fantasia the costs and reasonable attorneys'

fees incurred by Fantasia in this action pursuant to 15 U.S.C. § 1117(a) and the state statutes

cited in this Complaint;

H.      Based on Defendants' willful and deliberate infringement of the Fantasia's marks, and to deter such conduct in the future, Fantasia be awarded punitive damages;

I.      Fantasia be awarded prejudgment and post-judgment interest on all monetary awards; and

J.      Fantasia be granted such other and further relief as the Court may deem just.

Q.      For an award of taxable costs in favor of Fantasia and against Defendants; and

R.      For such other and further relief as to the Court appears just and proper.

## DEMAND FOR JURY TRIAL

Fantasia demands a trial by jury on all issues so triable.

Dated: May 28, 2020                                     Respectfully submitted,


                                                        /s/ Luiz Felipe de Oliveira
                                                        Luiz Felipe Oliveira
                                                        Joseph J. Zito (pro hac vice)
                                                        DNL Zito
                                                        1250 Conn. Ave., NW, Suite 700
                                                        Washington, DC 20036
                                                        loliveira@dnlzito.com
                                                        jzito@zitotlp.com
                                                        (202) 466-3500

## VERIFICATION OF COMPLAINT

I, Randy Jacob Bahbah, declare, in accordance with 19 C.F.R. § 2l0.12(a), under penalty of perjury, that (l) I am currently Chief Executive Officer and President of Fantasia Distribution, Inc. I am duly authorized by Complainant Fantasia Distribution, Inc. to verify the foregoing complaint.  (2) I have read the Complaint and am aware of its contents. (3) The claims and other factual contentions set forth in the Complaint are to the best of my knowledge, information, and belief, formed after a reasonable inquiry, well grounded in fact and have evidentiary support.

Executed at Orange County, CA on _May 28ᵗʰ_, 2020

Randy Jacob Bahbah
CEO and President
Fantasia Distribution, Inc.