Attorneys for Defendant/ Counterclaimant Plaintiff:
Robert J. Basil, Esq.
THE BASIL LAW GROUP, P.C.
32 East 31st Street, 9th Floor
New York, New York 10016
Telephone: 917-994-9973
Facsimile: 831-536-1075
robertjbasil@rjbasil.com

And

Alexander Chen [SBN 245798]
(*pro hac application forthcoming*)
INHOUSE CO. LAW FIRM
7700 Irvine Center Dr., Suite 800
Irvine, California 92618
Telephone: (714) 932-6659
Facsimile: (714) 882-7770
alexc@inhouseco.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------- :
                                                     : **Case No.:** 1:20-cv-02378-KAM-CLP
FANTASIA DISTRIBUTION, INC.,                         :
                                                     : **DEFENDANT/**
                                    Plaintiff,        : **COUNTERCLAIMANT PLAINTIFF**
                                                     : **COOL CLOUDS DISTRIBUTION,**
                                                     : **INC.'S ANSWER, AFFIRMATIVE**
     -v-                                              : **DEFENSES AND**
                                                     : **COUNTERCLAIMS**
MYLE VAPE, INC., et al.                              :
                                                     : **JURY TRIAL DEMANDED**
                                    Defendants.       :
---------------------------------------------------- :

Defendant/Counterclaimant Plaintiff Cool Clouds Distribution, Inc. ("Cool Clouds", "Defendant" or "Counterclaimant Plaintiff"), by and through its attorneys, hereby answers Fantasia Distribution Inc.'s ("Fantasia" or "Plaintiff") Complaint as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred because the terms "ice" and "iced" are generic for vaping product flavors, and thus the terms "ice" and "iced" cannot serve as trademarks.

### THIRD DEFENSE

Plaintiff's claims are barred because the uses of the mark at issue are descriptive and not trademark uses.

### FOURTH DEFENSE

Plaintiff's claims against Cool Clouds are barred because Cool Clouds does not have any control over the marks at issue.

### FIFTH DEFENSE

Plaintiff's claims against Cool Clouds are barred because Cool Clouds did not endorse, approve, or otherwise control the flavoring names at issue.

### SIXTH DEFENSE

Plaintiff's claims are barred because Cool Clouds' conduct did not cause and was not likely to cause confusion or mistake, and was not intended to deceive.

### SEVENTH DEFENSE

Plaintiff's claims are barred because Plaintiff cannot show secondary meaning.

## EIGHTH DEFENSE

Plaintiff's claim for damages is barred because Plaintiff cannot show the availability of statutory damages; nor can they show any financial injury or loss attributable to the acts set forth in the Complaint.

## NINTH DEFENSE

Plaintiff's claim for injunctive relief is barred because Plaintiff cannot show that Cool Clouds will continue to engage in any of the acts complained of in the Complaint.

## TENTH DEFENSE

Plaintiff's claims were brought in an improper venue. Neither Plaintiff nor Defendants reside in this district, and no documents or witnesses are located in this district.

## ELEVENTH DEFENSE

Plaintiff's claims were brought in a district that does not have personal jurisdiction over Defendant. Defendant does not reside in, conduct substantial business in, or target any activities, towards the Eastern District of New York.

Defendants reserve the right to assert additional defenses if they are further disclosed during discovery.

## ANSWER

## NATURE OF THE ACTION

**1.** Cool Clouds admits that the Complaint purports to set forth claims for infringement and unfair competition against the defendants listed, and that the Complaint seeks an injunction and damages. Defendant denies that any of these claims have merit.

## JURISDICTION AND VENUE

**2.**   Cool Clouds admits the allegations in Paragraph 2 of the Complaint.

**3.**   Cool Clouds is without knowledge as to the business activities of defendants other than Cool Clouds. Cool Clouds admits that it sold product in the State of New York.

**4.**   Cool Clouds denies the allegations in Paragraph 4 of the Complaint.

**5.**   Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint.

**6.**   Cool Clouds denies the allegations in Paragraph 6 of the Complaint.

## PARTIES

**7.**   Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint.

**8.**   Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint.

**9.**   Cool Clouds denies that it has sold any "infringing" products. Cool Clouds admits the remaining allegations in Paragraph 9 of the Complaint.

**10.** Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint.

**11.** Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint.

**12.** Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint.

**13.** Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint.

**14.** Cool Clouds denies the allegations in Paragraph 14 of the Complaint.

## GENERAL ALLEGATIONS

**15.** Cool Clouds denies that the words "ICE" or "PINK LEMONADE" function as trademarks and denies that they are distinctive. Cool Clouds admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration Nos. 4600173, 3998201, and 3812330. Cool Clouds denies that U.S. Trademark Registration Nos. 4600173 and 3998201 are valid and asserts that they should be cancelled. Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15 of the Complaint.

**16.** Cool Clouds denies that the words "ICE" or "PINK LEMONADE" have achieved secondary meaning. Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 16 of the Complaint.

**17.** Cool Clouds admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration No. 3,998,201. Cool Clouds denies that the registration is valid and asserts that it should be cancelled.

**18.** Cool Clouds admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration No. 4,600,173. Cool Clouds denies that the registration is valid and asserts that it should be cancelled.

**19.** Cool Clouds admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration No. 3,812,330.

**20.** Cool Clouds admits is has sold vaping products bearing the word "ICED" or "ICE." To the extent that Paragraph 20 is directed at Defendant Cool Clouds, Cool Clouds denies the remaining allegations in Paragraph 20 of the Complaint. To the extent

that Paragraph 20 is directed at other defendants, Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

**21.** Cool Clouds admits that it competes with Fantasia. Cool Clouds denies the remaining allegations in Paragraph 21 of the Complaint.

**22.** Cool Clouds admits that Fantasia sent it cease & desist letters. Cool Clouds denies it is infringing and denies the remaining allegations in Paragraph 22 of the Complaint. Cool Clouds specifically alleges that it promptly began efforts to discontinue sales of any products bearing the word "ICE" and the words "PINK LEMONADE."

**COUNT I**
**Federal Trademark Infringement**
**Myle-ICED**

**23.** In response to Paragraph 23, Cool Clouds incorporates its answers to Paragraphs 1-22 of the Complaint.

**24.** Paragraph 24 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows. Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint.

**25.** Paragraph 25 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows. To the extent Paragraph 25 asserts that Fantasia has any trademark rights in the word "ICE," Cool Cloud denies the allegations. Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25 of the Complaint.

**26.** Paragraph 26 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows. Cool Clouds admits that the

records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration Nos. 3,998,201 and 4,600,173. Cool Clouds denies that these registrations are valid and asserts that they should be cancelled. To the extent Paragraph 26 asserts that Fantasia has any trademark rights in the word "ICE," Cool Clouds denies those allegations. Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26 of the Complaint.

**27.** Paragraph 27 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows. To the extent Paragraph 27 asserts that Fantasia possesses any trademark rights in the word "ICE," Cool Clouds denies those allegations. Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27 of the Complaint.

**28.** Paragraph 28 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows: to the extent Paragraph 28 asserts that Fantasia has any trademark rights in the word "ICE," Cool Clouds denies those allegations. Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 28 of the Complaint.

**COUNT II**
**Federal Trademark Infringement**
**Cool Clouds—ICE and ICED**

**29.** In response to Paragraph 29, Defendant incorporates its answers to Paragraphs 1-28 of the Complaint.

**30.** Defendant Cool Clouds admits that it has in the past distributed products bearing the names listed in Paragraph 30 of the Complaint. Defendant Cool Clouds states that the products identified in Paragraph 30 of the Complaint are not currently offered for sale. To the extent Paragraph 30 asserts that Fantasia has any trademark rights in the word "ICE," or that Cool Clouds has engaged in any infringing acts, Defendant Cool Clouds denies the allegations

**31.** Cool Clouds denies the allegations in Paragraph 31 of the Complaint.

**32.** Cool Clouds denies the allegations in Paragraph 32 of the Complaint.

**33.** Cool Clouds denies the allegations in Paragraph 33 of the Complaint.

**34.** Cool Clouds denies the allegations in Paragraph 34 of the Complaint.

**COUNT III**
**Federal Trademark Infringement**
**Access Vapors—ICE**

**35.** In response to Paragraph 35, Cool Clouds incorporates its answers to Paragraphs 1-34 of the Complaint.

**36.** Paragraph 36 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows. Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint.

8

**37.** Paragraph 37 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows. To the extent Paragraph 37 asserts that Fantasia has any trademark rights in the word "ICE," Cool Cloud denies those allegations. Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 37 of the Complaint.

**38.** Paragraph 38 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows. Cool Clouds admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration Nos. 3,998,201 and 4,600,173. Cool Clouds denies that these registrations are valid and asserts that they should be cancelled. To the extent Paragraph 38 asserts that Fantasia has any trademark rights in the word "ICE," Cool Clouds denies those allegations. Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 38 of the Complaint.

**39.** Paragraph 39 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows. To the extent Paragraph 39 asserts that Fantasia has any trademark rights in the word "ICE," Cool Clouds denies those allegations. Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 39 of the Complaint.

**40.** Paragraph 40 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows: to the extent Paragraph 40 asserts that Fantasia has any trademark rights in the word "ICE," Cool Clouds denies

those allegations. Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 40 of the Complaint.

**COUNT IV**
**Federal Trademark Infringement**
**Limitless Trading – ICE and ICED**

**41.** In response to Paragraph 41, Cool Clouds incorporates its answers to Paragraphs 1-40 of the Complaint.

**42.** Paragraph 42 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows: Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint.

**43.** Paragraph 43 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows: to the extent Paragraph 43 asserts that Fantasia has any trademark rights in the word "ICE," Cool Clouds denies those allegations. Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 43 of the Complaint.

**44.** Paragraph 44 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows. Cool Clouds admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration Nos. 3,998,201 and 4,600,173. Cool Clouds denies that the registrations are valid and asserts that they should be cancelled. To the extent Paragraph 44 asserts that Fantasia has any trademark rights in the word "ICE," Cool Clouds denies those allegations. Cool Clouds lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations in Paragraph 44 of the Complaint.

**45.** Paragraph 45 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows: to the extent Paragraph 45 asserts that Fantasia has any trademark rights in the word "ICE," Cool Clouds denies those allegations. Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 45 of the Complaint.

**46.** Paragraph 46 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows: to the extent Paragraph 46 asserts that Fantasia has any trademark rights in the word "ICE," Cool Clouds denies those allegations. Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 46 of the Complaint.

## COUNT V
### Federal Trademark Infringement
### Pop Vapors—ICE and ICED

**47.** In response to Paragraph 47, Cool Clouds incorporates its answers to Paragraphs 1-46 of the Complaint.

**48.** Paragraph 48 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows: Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint.

**49.** Paragraph 49 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows: to the extent Paragraph 49 asserts that Fantasia has any trademark rights in the word "ICE," Cool Clouds denies

those allegations. Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 49 of the Complaint.

**50.** Paragraph 50 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows: Cool Clouds admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration Nos. 3,998,201 and 4,600,173. Cool Clouds denies that the registrations are valid and assert that they should be cancelled. To the extent Paragraph 50 asserts that Fantasia has any trademark rights in the word "ICE," Cool Clouds denies those allegations. Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 50 of the Complaint.

**51.** Paragraph 51 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows: to the extent Paragraph 51 asserts that Fantasia has any trademark rights in the word "ICE," Cool Clouds denies those allegations. Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 51 of the Complaint.

**52.** Paragraph 52 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows: to the extent Paragraph 52 asserts that Fantasia has any trademark rights in the word "ICE," Cool Clouds denies those allegations. Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 52 of the Complaint.

## COUNT VI
### Federal Trademark Infringement
### Romeo Vapors—ICE

**53.** In response to Paragraph 53, Cool Clouds incorporates its answers to Paragraphs 1-52 of the Complaint.

**54.** Paragraph 54 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows: Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Complaint.

**55.** Paragraph 55 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows: to the extent Paragraph 55 asserts that Fantasia has any trademark rights in the word "ICE," Cool Cloud denies those allegations. Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 55 of the Complaint.

**56.** Paragraph 56 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows: Cool Clouds admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration Nos. 3,998,201 and 4,600,173. Cool Clouds denies that the registrations are valid and asserts that they should be cancelled. To the extent Paragraph 56 asserts that Fantasia has any trademark rights in the word "ICE," Cool Clouds denies those allegations. Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 56 of the Complaint.

**57.** Paragraph 57 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows: to the extent Paragraph 57 asserts that Fantasia has any trademark rights in the word "ICE," Cool Clouds denies those allegations. Cool Clouds lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 57 of the Complaint.

**58.** Paragraph 58 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows: to the extent Paragraph 58 asserts that Fantasia has any trademark rights in the word "ICE," Cool Clouds denies those allegations. Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 58 of the Complaint.

**COUNT VII**
**Federal Trademark Infringement**
**Myle—PINK LEMONADE**

**59.** In response to Paragraph 59, Cool Clouds incorporate its answers to Paragraphs 1-58 of the Complaint.

**60.** Paragraph 60 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows: Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Complaint.

**61.** Paragraph 61 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows: Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Complaint.

**62.** Paragraph 62 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows: Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of the Complaint.

**63.** Paragraph 63 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows: Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Complaint.

**64.** Paragraph 64 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows: Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 of the Complaint.

**COUNT VIII**
**Federal Trademark Infringement**
**Cool Clouds—PINK LEMONADE**

**65.** In response to Paragraph 65, Defendants incorporate their answers to Paragraphs 1-64 of the Complaint.

**66.** Defendant Cool Clouds admits that it has, in the past, distributed products bearing the name listed in Paragraph 66 of the Complaint. Defendant Cool Clouds states that the product identified in Paragraph 66 of the Complaint is not currently offered for sale. To the extent Paragraph 66 asserts that Fantasia has any trademark rights in the word "PINK LEMONADE," or that Cool Clouds has engaged in any infringing acts, Defendant Cool Clouds denies such allegations

**67.** Cool Clouds denies the allegations in Paragraph 67 of the Complaint.

**68.** Cool Clouds denies the allegations in Paragraph 68 of the Complaint.

**69.** Cool Clouds denies the allegations in Paragraph 69 of the Complaint.

**70.** Cool Clouds denies the allegations in Paragraph 70 of the Complaint.

**COUNT IX**
**Federal Trademark Infringement**
**Access Vapor—PINK LEMONADE**

**71.** In response to Paragraph 71, Cool Clouds incorporate their answers to Paragraphs 1-70 of the Complaint.

**72.** Paragraph 72 does not appear to be directed at Cool Clouds, however, to the extent a response is required, Cool Clouds states as follows: Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 of the Complaint.

**73.** Paragraph 73 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows: Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 of the Complaint.

**74.** Paragraph 74 does not appear to be directed at Cool Clouds, however, to the extent a response is required, Cool Clouds states as follows: Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 of the Complaint.

**75.** Paragraph 75 does not appear to be directed at Cool Clouds, however, to the extent a response is required, Cool Clouds states as follows: Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 of the Complaint.

**76.** Paragraph 76 does not appear to be directed at Cool Clouds; however, to the extent a response is required, Cool Clouds states as follows: Cool Clouds lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 of the Complaint.

## COUNT X
### Federal Unfair Competition

**77.** In response to Paragraph 77, Cool Clouds incorporates its answers to Paragraphs 1-76 of the Complaint.

**78.** Cool Clouds denies the allegations in Paragraph 78 of the Complaint.

**79.** Cool Clouds denies the allegations in Paragraph 79 of the Complaint.

**80.** Cool Clouds denies the allegations in Paragraph 80 of the Complaint.

**81.** Cool Clouds denies the allegations in Paragraph 81 of the Complaint.

## COUNT XI
### Unfair and Deceptive Trade Practices

**82.** In response to Paragraph 82, Cool Clouds incorporates its answers to Paragraphs 1-81 of the Complaint.

**83.** Cool Clouds denies the allegations in Paragraph 83 of the Complaint.

**84.** Cool Clouds denies the allegations in Paragraph 84 of the Complaint.

**85.** Cool Clouds denies the allegations in Paragraph 85 of the Complaint.

## COUNT XII
### Common Law Trademark Infringement and Unfair Competition

**86.** In response to Paragraph 86, Cool Clouds incorporates its answers to Paragraphs 1-85 of the Complaint.

**87.** Cool Clouds denies the allegations in Paragraph 87 of the Complaint.

**88.** Cool Clouds denies the allegations in Paragraph 88 of the Complaint.

**89.** Cool Clouds denies the allegations in Paragraph 89 of the Complaint.

**90.** Cool Clouds denies the allegations in Paragraph 90 of the Complaint.

**COUNT XIII**

**Unfair Competition Under New York Law**

**91.** In response to Paragraph 91, Cool Clouds incorporates its answers to Paragraphs

1-90 of the Complaint.

**92.** Cool Clouds denies the allegations in Paragraph 92 of the Complaint.

**93.** Cool Clouds denies the allegations in Paragraph 93 of the Complaint.

**94.** Cool Clouds denies the allegations in Paragraph 94 of the Complaint.

**95.** Cool Clouds denies the allegations in Paragraph 95 of the Complaint.

**PRAYER FOR RELIEF**

Cool Clouds denies that Plaintiff is entitled to any relief and requests that this

Court dismiss Plaintiff's Complaint with prejudice. Any and all allegations of Plaintiff's

Complaint not specifically admitted herein are hereby denied.

**COUNTERCLAIMS**

**COUNT I**
**CANCELLATION OF FEDERAL TRADEMARK REGISTRATION 4,600,173**
**BASED ON FRAUD ON THE TRADEMARK OFFICE**

For its counterclaims against Plaintiff/Counterclaimant Defendant Fantasia

Distribution, Inc. ("Fantasia"), Defendant/Counterclaimant Plaintiff Cool Clouds

Distribution, Inc. ("Cool Clouds") states as follows:

**1.** This counterclaim is an action for trademark cancellation under the trademark and

service mark laws of the United States, specifically 15 U.S.C. § 1119. ("Lanham Act").

2.  Counter-plaintiff Cool Clouds is a California corporation with its principal place of business in California.

3.  This Court has personal jurisdiction over the parties to this action and venue is proper in this Court for this counterclaim because Fantasia has submitted to this Court's jurisdiction by filing the Complaint against Cool Clouds, *et al* in this district.

4.  This action arises under the trademark laws of the United States. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121(a).

5.  On May 28, 2020, Fantasia filed a Complaint ("the Complaint") which initiated this Civil Action No. 1:20-cv-02378.

6.  In its Complaint, Fantasia alleges that it owns U.S. Trademark Registration No. 4,600,173 for "ICE" in connection with "Hookah tobacco; **Molasses tobacco**; [S]moking tobacco; tobacco." (emphasis added).

7.  In its Complaint, Fantasia also alleges that it owns U.S. Trademark Registration No. 4,600,173 for "ICE" in connection with "Electronic hookah liquid (e-liquid) consisting of flavorings in liquid form used to fill electronic hookahs or electronic hookah cartridges; Vapor liquid consisting of flavorings in liquid form used to fill electronic cigarette vaporizers or vaporizing cigarette cartridges" and with "Hookah tobacco; Herbal molasses; Herbs for smoking; Molasses tobacco; Smoking molasses; Shisha; Vapor stones for electronic hookahs; Electronic hookahs; **Cartomizers, namely, combination electronic cigarette refill cartridges sold empty** and atomizers, sold as a component of electronic cigarettes" (emphasis added).

8.  U.S. Trademark Registration 4,600,173 is referred to as the "ICE Registration."

9.   In its complaint, Fantasia asserts that the ICE Registration provides Fantasia with a legal right to exclude others, including Cool Clouds, from using the word "ICE" or "ICED" as descriptions of flavors for e-cigarette or vaping products.

10. In its complaint, Fantasia has asserted that Cool Clouds is infringing on the ICE Registration and has asserted claims for federal trademark infringement against Cool Clouds.

11. Cool Clouds has denied that Fantasia has any legal right to exclude them from using the words "ice" or "iced" to describe e-cigarette or e-juice flavors.

12. Cool Clouds seeks to cancel the ICE Registration on the grounds that, on information and belief, it was obtained as a result of knowingly making false statements about the use of the Marks, which were made with the intent to deceive the USPTO and constitute fraud on the USPTO.

13. On May 25, 2020, Fantasia filed its Declaration Combined Declaration of Use and Incontestability under Sections 8 & 15 ("Section 8 & 15") dated for Reg. No. 4,600,173, in which it declared that "the mark is in use in commerce on or in connection with **all** of the goods/**all** of the services, or to indicate membership in the collective membership organization, listed in the existing registration…  **and** the mark has been continuously used in commerce for five (5) consecutive years after the date of registration, or the date of publication under Section 12(c), and is still in use in commerce on or in connection with **all** goods/**all** services…"

14. It appears from publicly available information that Fantasia has not used its marks in commerce on or in connection with all of the goods listed. On information and belief, Fantasia intentionally withheld from the Patent and Trademark Office that it does not use

its mark in commerce on or in connection with the goods for "**Molasses tobacco"** and

**"Cartomizers, namely, combination electronic cigarette refill cartridges <u>sold</u>**

**<u>empty</u>." (emphasis added).**

15. On information and belief, Fantasia uses the mark in commerce on or in
connection with goods containing "Molasses" or with "Tobacco" as separate products;
however, Fantasia does not use its mark in commerce on or in connection with goods for
"Molasses tobacco."

16. On information and belief, Fantasia does not use the mark in commerce on or in
connection with empty cartomizer or with empty cigarette refill cartridges. On
information and belief, Fantasia uses the mark in commerce with disposable, filled
"cartomizers" or "cigarette refill cartridges." Since the said cartomizers are disposable,
on information and belief, the cartomizers are not "sold empty."

17. A screenshot taken on September 13, 2020, for the search result for "cartomizer"
on Fantasia's website shows that all cartomizers sold by Fantasia, including those use in
commerce on or in connection with the mark ICE, are part of the Fantasia E-Bowl
system:



18. A screenshot taken on September 13, 2020, regarding the Fantasia E-Bowl Kit system on Fantasia's website shows that the Fantasia E-Bowl Kit works with disposable cartomizers:



# Fantasia E-Bowl Kit



The **Fantasia Electronic Bowl replaces your typical tobacco filled hookah bowl, foil, and charcoal**.  An E-Bowl is a rechargeable battery-powered device that converts liquid (E-Liquid) into a mist of vapor.  E-Bowls work exactly like a large vapor pen.  **Disposable Fantasia Cartridges filled with Fantasia E-Liquid are inserted into the E-Bowl** and then placed on any existing hookah water pipe and is ready for use.

**Indoor/Outdoor Solution** — The Fantasia E-Bowl and Cartridges provide a **solution for hookah lounges, night clubs, and consumers** who are looking to the keep the tradition and experience without having to use tobacco and charcoal.

*Rechargeable E-Bowl Unit
*Disposable Cartomizers
*No Charcoal
*No Tobacco

Nicotine Levels:
**0MG Nicotine**
**3MG Nicotine**

19. On information and belief, the Fantasia E-Bowl Kit uses disposable cartomizers and therefore the cartomizers are not "sold empty" as Fantasia declared in its declarations to the Patent and Trademark Office.

20. Whether the goods sold in commerce or in connection with the marks are the same as those listed in the trademark registration would be material to the question of whether and how the term "ICE" was used by Fantasia in commerce, as well as to the validity of the Fantasia's registration.

21. If, as believed, Fantasia does not sell goods containing Molasses Tobacco nor sell empty cartomizers, this material information should have been disclosed to the USPTO.

22. If, as believed, Fantasia intentionally withheld such material information from the USPTO in its Section 8 & 15 for 4,600,173 and therefore Fantasia's Section 8 & 15 for the ICE Registration should be voided.

23. Furthermore, the registration creates a legal presumption that Fantasia has valid and exclusive rights in the mark for goods identified in the Registration.

24. For the reasons set forth above, Fantasia is not entitled to the registration or to the legal presumption that the registration creates.

25. The continued presence of the Registration on the federal trademark register constitutes an obstacle to Cool Clouds intended use of the term "ICE" in future products and in marketing materials or keywords. The registration, thus, is causing injury and damage to Cool Clouds.

## COUNT II
## CANCELLATION OF FEDERAL TRADEMARK REGISTRATIONS
## FOR GENERICNESS
## 15 U.S.C. § 1119

26. Cool Clouds incorporates the allegations of Paragraph 1 through 25 of the Counterclaims as if fully set forth herein.

27. The words "ice" and "iced" are generic term to describe minty or menthol flavors.

28. Hundreds of tobacco, e-juice, and e-cigarette manufacturers use the terms "ice" and "iced" to functionally describe a flavor as bring a menthol flavor.

29. The word "ice" has no significance as a source identifier in the tobacco or e-cigarette industry. Rather, the primary significance to the public of the terms "ice" and "iced" is to identify an attribute of the product they are purchasing.

24

30. The purchasing or consuming public for e-cigarettes or e-juice use and understand the terms "ice" and "iced" to refer to the genus or sub-genus of e-cigarette or e-juice goods, or a key aspect of e-cigarette or e-juice goods.

31. An actual and justiciable controversy exists between Cool Clouds and Fantasia, because Fantasia has sued Cool Clouds over their use of the word "Iced." An actual controversy further exists concerning whether this lawsuit was filed for improper purposes, including to hinder lawful competition from Fantasia's competitors, which include Cool Clouds.

32. Pursuant to 15 U.S.C. § 1119, in any action involving a registered mark the Court may, *inter alia*, determine the right to registration and order the cancellation of the registrations of any party to the action.

33. Pursuant to 15 U.S.C. § 1064, Fantasia's ICED Registrations are invalid and subject to cancellation because the marks registered thereunder are generic.

## COUNT III
## CANCELLATION OF FEDERAL TRADEMARK REGISTRATION 4,600,173 BASED ON LACK OF SECONDARY MEANING

34. Cool Clouds incorporates the allegations of Paragraph 1 through 33 of the Counterclaims as if fully set forth herein.

35. If the Section 8 & 15 Declaration filed for 4,600,173 is invalid as alleged, then Cool Clouds seeks to cancel the Registration No. 4,600,173 for "ice" on the grounds that the registration is void because it is descriptive and has not acquired secondary meaning.

36. The words "ice" cannot be trademarked because it is generic and descriptive. "ice" is often used to describe a feature, such as a flavor, thus, such generic and descriptive terms cannot be subject to a trademark.

37. Plaintiff's goods are literally smoking tobaccos which have "ice" flavor.

38. Ice is descriptive of various goods in the marketplace which have an icy flavor, for example, lip balm, cookies and chewing gums.

39. As a result, the term ICE is descriptive of a feature of the applicant's goods and Plaintiff's registration should be canceled from the Principal Register because it is descriptive and has not acquired secondary meaning.

40. For the reasons set forth above, Applicant is not entitled to the Registration.

41. The continued presence of the Registration on the federal trademark register constitutes an obstacle to Cool Clouds' intended use of the term "ice" in future goods and in marketing materials or keywords. The Registration, thus, is causing injury and damage to Cool Clouds.

**PRAYER FOR RELIEF**

WHEREFORE, Cool Clouds demands judgment in its favor and against Fantasia as follows:

1.   Dismiss the Plaintiff's Complaint against Cool Clouds with prejudice;

2.   Declare, adjudge, and decree that U.S. Trademark Registration Nos. 3,998,201 and 4,600,173 are invalid;

3.   Order that U.S. Trademark Registration Nos. 3,998,201 and 4,600,173 be canceled, and certify that Order by the Court to the Director of the U.S. Patent & Trademark Office in accordance with 15 U.S.C. § 1119;

4.   Declare, adjudge, and decree that Cool Clouds' past use of the words "ice" or "iced" and "pink lemonade" has not infringed on the legal rights of Fantasia;

5.   Declare that this is an "exceptional case" that warrants an award of attorney's fees against Fantasia; and

6.   Award Cool Clouds such other and further equitable relief as the Court may deem just and proper.

Dated: September 14, 2020

ROBERT J. BASIL
ROBERT J. BASIL, ESQ.
THE BASIL LAW GROUP, P.C.
32 East 31st Street, 9th Floor
New York, New York 10016
(917) 994-9973

ALEXANDER CHEN, ESQ.
INHOUSE CO. LAW FIRM
7700 Irvine Center Drive, Suite 800
Irvine, California 92618
(714) 932-6659

27