IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT NEW YORK

| | |
|---|---|
| Fantasia Distribution, Inc. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Myle Vape, Inc., et al. )<br>)<br>Defendants. )<br>) | **Civil Action No. 1:20-cv-2378-KAM-CLP** |

**PLAINTIFF FANTASIA`S ANSWER TO DEFENDANT`S COOL CLOUDS COUNTERCLAIMS**

Plaintiff Fantasia Distribution, Inc., hereby responds to the Counterclaims of Defendants Cool Clouds Distribution, Inc. as follows:

1. Denied.

2. Plaintiff admits that Cool Clouds is a California corporation. Plaintiff is without knowledge as to whether Cool Clouds' principal place of business in California, and, therefore, denies it.

3. Admitted.

4. Admitted that this Court has personal jurisdiction over the parties to this action and venue is proper, including as to Defendant Cool Clouds.

5. Admitted that on May 28, 2020, Fantasia filed a complaint in this action, Case No. Civil Action No. 1:20-cv-02378.

6. Denied. Fantasia admits that is the owner of the federal trademark registrations, Reg. No. 3,998,201, issued by the PTO on July 19, 2011, for the standard character "ICE", under

class 34 "Hookah tobacco; Molasses tobacco; Smoking tobacco; Tobacco". [Exhibit G fo the Complaint]; Reg. No. 4,600,173, issued by the PTO on September 9, 2014, for the standard character "ICE", under classes 30 "Electronic hookah liquid (e-liquid) consisting of flavorings in liquid form used to fill electronic hookahs or electronic hookah cartridges; vapor liquid consisting of flavorings in liquid form used to fill electronic cigarette vaporizers or vaporizing cigarette cartridges", and 34 "Hookah tobacco; Herbal molasses; Herbs for smoking; Molasses tobacco; Smoking molasses; Shisha; Vapor stones for electronic hookahs; Electronic hookahs; Cartomizers, namely, combination electronic cigarette refill cartridges sold empty and atomizers, sold as a component of electronic cigarettes" [Exhibit H of the Complaint]; and Reg. No. 3,812,330, registered by the PTO on June 29 2010, for the standard character "PINK LEMONADE" under class 34 "Hookah tobacco, flavored smoking tobacco" [Exhibit I of the Complaint].

       7.      Fantasia admits that is the owner of the federal trademark registrations, Reg. No. 3,998,201, issued by the PTO on July 19, 2011, for the standard character "ICE", under class 34 "Hookah tobacco; Molasses tobacco; Smoking tobacco; Tobacco". [Exhibit G fo the Complaint]; Reg. No. 4,600,173, issued by the PTO on September 9, 2014, for the standard character "ICE", under classes 30 "Electronic hookah liquid (e-liquid) consisting of flavorings in liquid form used to fill electronic hookahs or electronic hookah cartridges; vapor liquid consisting of flavorings in liquid form used to fill electronic cigarette vaporizers or vaporizing cigarette cartridges", and 34 "Hookah tobacco; Herbal molasses; Herbs for smoking; Molasses tobacco; Smoking molasses; Shisha; Vapor stones for electronic hookahs; Electronic hookahs; Cartomizers, namely, combination electronic cigarette refill cartridges sold empty and atomizers, sold as a component of electronic cigarettes" [Exhibit H of the Complaint]; and Reg. No. 3,812,330, registered by the

PTO on June 29 2010, for the standard character "PINK LEMONADE" under class 34 "Hookah tobacco, flavored smoking tobacco" [Exhibit I of the Complaint].

8. Denied. The "ICE Registrations" is a reference to both Reg. No. 3,998,201 and Reg. No. 4,600,173.

9. Denied to the extent that Defendant asserts that its use of "ICE" or "ICED" is a description of flavors for e-cigarette or vaping products". Fantasia admits that Fantasia asserts that Fantasia has a legal right to exclude others, including Cool Clouds, from using the word "ICE" and "ICED".

9. Admitted that Fantasia asserts Cool Clouds infringes the asserted trademarks.

10. Admitted that, among other assertions, Fantasia asserted that Cool Clouds is infringing on the ICE Registrations and has asserted claims for federal trademark infringement against Cool Clouds.

11. Denied to the extent that there seems to be no express denial by Cool Clouds to that effect.

12. Denied. Allegations in this paragraph is further denied to the extent Plaintiff is without knowledge as to what Defendant seeks or may seek in the future.

13. Admitted to the extent that Fantasia filed a combined Section 8 & 15 declaration for Reg. NO. 4,600,173.

14. Denied.

15. Denied.

16. Denied.

17. The screenshot provide by Defendant does not show a search result, and it is unclear what Defendant refers to as "Fantasia E-Bowl system". The allegations are, therefore,

denied.

18. It is unclear what Defendant refers to as "Fantasia E-Bowl Kit system" and "Disposable Cartomizers", and whether the screenshot shows what it purports to show. The allegations are, therefore, denied.

19. Denied. It is unclear what Defendant refers to as "Disposable Cartomizers" and the allegations are, therefore, denied.

20. This paragraph sets forth Defendant's legal conclusions, interpretations and questions of law to which no response is required.

21. This paragraph sets forth Defendant's legal conclusions, interpretations and questions of law to which no response is required.

22. This paragraph sets forth Defendant's legal conclusions, interpretations and questions of law to which no response is required.

23. This paragraph sets forth Defendant's legal conclusions, interpretations and questions of law to which no response is required.

24. This paragraph sets forth Defendant's legal conclusions, interpretations and questions of law to which no response is required.

25. Denied. Furthermore, this paragraph sets forth Defendant's legal conclusions, interpretations and questions of law to which no response is required.

26. This paragraph contains Defendant's assertions to which no response is required.

27. Denied.

28. Denied.

29. Dnied.

30. Denied.

31. Denied. Plaintiff admits that there is an actual and justiciable controversy between Cool Clouds and Fantasia, and that Fantasia has sued Cool Clouds for infringing Plaintiff's marks.

32. Denied to the extend that 15 U.S.C. 1119 provides: "In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Director, who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby".

33. Denied. Furthermore, this paragraph sets forth Defendant's legal conclusions, interpretations and questions of law to which no response is required.

34. This paragraph contains Defendant's assertions to which no response is required.

35. Denied. Furthermore, this paragraph sets forth Defendant's legal conclusions, interpretations and questions of law to which no response is required.

36. Denied. Furthermore, this paragraph sets forth Defendant's legal conclusions, interpretations and questions of law to which no response is required.

37. Denied.

38. Denied.

39. Denied. Furthermore, this paragraph sets forth Defendant's legal conclusions, interpretations and questions of law to which no response is required.

40. Denied. Furthermore, this paragraph sets forth Defendant's legal conclusions, interpretations and questions of law to which no response is required.

41. Denied. Furthermore, this paragraph sets forth Defendant's legal conclusions,

interpretations and questions of law to which no response is required.

Dated: October 5, 2020                                          Respectfully submitted,

 /s/ Luiz Felipe de Oliveira
Joseph J. Zito
Luiz Felipe Oliveira
DNL Zito Castellano
1250 Conn. Ave., NW, Suite 700
Washington, DC 20036
jzito@dnlzito.com
loliveira@dnlzito.com
(202) 466-3500


CERTIFICATE OF SERVICE

 The undersigned hereby certifies that the foregoing Answer to Counterclaims was filed via the Court's CM/ECF System and was served upon all counsel of record thereby, on the 5th day of October, 2020

/s/ Luiz Felipe de Oliveira
Luiz Felipe de Oliveira