IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT NEW YORK

| | |
|---|---|
| Fantasia Distribution, Inc. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Myle Vape, Inc., et al. )<br>)<br>Defendants. )<br>) | **Civil Action No. 1:20-cv-2378-KAM-CLP** |

**PLAINTIFF FANTASIA`S ANSWER TO
DEFENDANT`S ROMEO COUNTERCLAIMS**

Plaintiff Fantasia Distribution, Inc., hereby responds to the Counterclaims of Defendant Romeo Vapors, Inc. as follows:

1. Denied to the extent that this is an action for federal trademark infringement, unfair competition, and unfair business practices arising under the Trademark Act of 1946, 15 U.S.C. § 1051 et seq. and for unfair competition under New York Law.

2. Plaintiff admits that Romeo Vapors, Inc. admits that Romeo is a New York Corporation with its principal place of business in New York.

3. Admitted that this Court has personal jurisdiction over the parties to this action and venue is proper, including as to Defendant Romeo.

4. Admitted that this Court has personal jurisdiction over the subject matter of this action.

5. Admitted that on May 28,2020 Fantasia filed a complaint in this action, Case No. Civil Action No. 1:20-cv-02378-KAM-CLP

6. Denied. Fantasia admits that Fantasia is the owner of a federal trademark registration, Reg. No. 4,600,173, issued by the PTO on September 9, 2014, for the standard character "ICE", under classes 30 "Electronic hookah liquid (e-liquid) consisting of flavorings in liquid form used to fill electronic hookahs or electronic hookah cartridges; Vapor liquid consisting of flavorings in liquid form used to fill electronic cigarette vaporizers or vaporizing cigarette cartridges", and 34 "Hookah tobacco; Herbal molasses; Herbs for smoking; Molasses tobacco; Smoking molasses; Shisha; Vapor stones for electronic hookahs; Electronic hookahs; Cartomizers, namely, combination electronic cigarette refill cartridges sold empty and atomizers, sold as a component of electronic cigarettes".

7. Denied. Fantasia admits that Fantasia is the owner of a federal trademark registration, Reg. No. 4,600,173, issued by the PTO on September 9, 2014, for the standard character "ICE", under classes 30 "Electronic hookah liquid (e-liquid) consisting of flavorings in liquid form used to fill electronic hookahs or electronic hookah cartridges; Vapor liquid consisting of flavorings in liquid form used to fill electronic cigarette vaporizers or vaporizing cigarette cartridges", and 34 "Hookah tobacco; Herbal molasses; Herbs for smoking; Molasses tobacco; Smoking molasses; Shisha; Vapor stones for electronic hookahs; Electronic hookahs; Cartomizers, namely, combination electronic cigarette refill cartridges sold empty and atomizers, sold as a component of electronic cigarettes".

8. Denied to the extent that U.S. Trademark Registration 4,600,173, together with Reg. No. 3,998,201, issued by the PTO on July 19 2011, for the standard character "ICE", under class 34 "Hookah tobacco; Molasses tobacco; Smoking tobacco; Tobacco",as the "ICE Marks".

9. Denied to the extent that Fantasia asserts that Fantasia has a legal right to exclude others, including Romeo, from using the word "ICE" and "PINK LEMONADE" as marks, as opposed to "as descriptions of flavors for e-cigarette or vaping products".

10. Admitted that, among other assertions, Fantasia asserts that Romeo infringed and has been infringing on the ICE Registration, and has asserted claims for federal trademark infringement against Romeo.

11. Denied to the extent that there seems to be no explicit assertion by Defendant Romeo to this effect.

12. Denied.

13. Admitted to the extent that Fantasia filed a combined Section 8 & 15 declaration for Reg. NO. 4,600,173.

14. Denied.

15. Denied. Fantasia admits that Fantasia uses the mark in commerce on or in connection with goods containing "Molasses" or with "Tobacco".

16. Denied.

17. The screenshot provide by Defendant does not show a search result, and it is unclear what Defendant refers to as "Fantasia E-Bowl system". The allegations are, therefore, denied.

18. It is unclear what Defendant refers to as "Fantasia E-Bowl Kit system" and "disposable cartomizers", and whether the screenshot shows what it purports to show. The allegations are, therefore, denied.

19. Denied. It is unclear what Defendant refers to as "disposable cartomizers" and "Fantasia E-Bowl Kit". The allegations are, therefore, denied.

20. This paragraph sets forth Defendant's legal conclusions, interpretations and questions of law to which no response is required.

21. This paragraph sets forth Defendant's legal conclusions, interpretations and questions of law to which no response is required. This paragraph also includes speculations to which no response is required.

22. This paragraph sets forth Defendant's legal conclusions, interpretations and questions of law to which no response is required. This paragraph also includes speculations to which no response is required.

23. This paragraph sets forth Defendant's legal conclusions, interpretations and questions of law to which no response is required.

24. Denied. This paragraph sets forth Defendant's legal conclusions, interpretations and questions of law to which no response is required.

25. Denied. This paragraph sets forth Defendant's legal conclusions, interpretations and questions of law to which no response is required.

26. Paragraph 26 contains assertions to which no response is required.

27. Denied.

28. Denied. Although some manufacturers and distributors use the "ICE" in a infringing manner, Plaintiff is unaware of the "hundreds" of them using "ICE" or "ICED", and therefore, denies it.

29. Denied.

30. Denied.

31. Denied. Plaintiff admits that there is an actual and justiciable controversy between Romeo, on the one hand, and Fantasia, on the other hand, and that Fantasia has sued Romeo for infringing Plaintiff's marks.

32. Denied to the extend that 15 U.S.C. 1119 provides: "In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Director, who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby".

33. Denied.

34. Paragraph 34 contains assertions to which no response is required.

35. This paragraph sets forth Defendant's legal conclusions, interpretations and questions of law to which no response is required. This paragraph also includes speculations to which no response is required.

36. Denied.

37. The meaning of "literally" in paragraph 27 is uncertain. The allegations are, therefore, denied. Plaintiff admits that it sells smoking tobacco products bearing the mark "ICE".

38. Denied. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint as to "lip balm, cookies and chewing gums".

39. Denied. Additionally, this paragraph sets forth Defendant's legal conclusions, interpretations and questions of law to which no response is required.

40. Denied. Additionally, this paragraph sets forth Defendant's legal conclusions, interpretations and questions of law to which no response is required.

41. Denied.

Dated: December 2, 2020                                Respectfully submitted,

 /s/ Luiz Felipe de Oliveira
Joseph J. Zito
Luiz Felipe Oliveira
DNL Zito Castellano
1250 Conn. Ave., NW, Suite 700
Washington, DC 20036
jzito@dnlzito.com
loliveira@dnlzito.com
(202) 466-3500

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Answer to Counterclaims was filed via the Court's CM/ECF System and was served upon all counsel of record thereby, on December 2, 2020

/s/ Luiz Felipe de Oliveira
Luiz Felipe de Oliveira